## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ENERGY & ENVIRONMENT LEGAL | ) | |
| INSTITUTE | ) | |
| 722 12th Street NW, 4th Floor | ) | |
| Washington, DC 20005 | ) | |
| | ) | |
| | ) | C.A. No. 17-26 |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES CHEMICAL SAFET BOARD | ) | |
| 1750 Pennsylvania Avenue, Suite 910 | ) | |
| Washington, DC 20006 | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff ENERGY & ENVIRONMENT LEGAL INSTITUTE for its complaint against

Defendant UNITED STATES CHEMICAL SAFETY BOARD ("CSB",  or "the agency"),

alleges as follows:

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to

   compel production under a request for certain described agency records, compiled,

   edited, and accessed by agency employees and controlled by or otherwise accessible to

   the agency, to which request defendant has provided no substantive response and

   therefore has denied.

2) The request, sent via email on November 7, 2016, sought records relating to CSB
Member Richard Engler and his use of email, instant or real-time messaging systems in
the performance of his duties.

3) CSB acknowledged plaintiff's request and assigned it a tracking number R17-0005 on
December 7, 2016, but provided no estimate of the volume of potentially responsive
records, or the date on which records would be made available, or the exemptions the
CSB might claim at that time.

4) Defendant CSB has failed to substantively respond to the request.

5) Accordingly, plaintiff has constructively exhausted its administrative remedies and files
this lawsuit to compel CSB to comply with the law with regard to release of agency
records.

**PARTIES**

6) Plaintiff Energy & Environment Legal Institute (E&E Legal) is a nonprofit research,
public policy and public interest litigation center incorporated in Virginia and dedicated
to advancing responsible regulation and in particular economically sustainable
environmental policy.  E&E Legal's programs include analysis, publication and a
transparency initiative seeking public records relating to environmental and energy
policy and how policymakers use public resources.

7) Defendant CSB is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

8) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is

brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of

disputes under FOIA presents a federal question.

10) Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because

defendant CSB is a federal agency operating in the District of Columbia and a substantial

part of the events or omissions giving rise to the claim occurred in the District of Columbia.

## FACTUAL BACKGROUND

### Plaintiff's November 7, 2016 Request

11) In a November 7, 2016 request sent via email to CSB, plaintiff requested certain described

records, including:

*copies of all email, SameTime or other instant/real-time messages, and text-message*

*correspondence, including attachments and the entire thread of which any responsive*

*record or correspondence is a part, which was sent to or from (including also copying,*

*whether as cc: or bcc:), Board member Richard Engler, which correspondence meets*

*either of the following narrowings:*

> *1) which was also sent to or from (including also copying, whether as cc: or bcc:)*
> *a) Paul Penn,*
> *b) Jim Young,*
> *c) Clyde Trombettas,*
> *d) Mike Wright, and/or*
> *e) Kim Nibarger; and/or*

> *2) which also includes anywhere, in any part of the thread of which it is a part,*
> *whether in the Subject field, the To:, From:, cc:, or bcc: fields, or a message's body,*
> *a) @usw.org,*

3

*b) Steelworkers,*
*c) Labor Institute,*
*d) New Jersey Work Environment Council,*
*e) District 12,*
*f) New Jersey State Industrial Union Council.*

Plaintiff further clarified that responsive records would be dated on or after February

of 2015.

## **LEGAL ARGUMENTS**

16) Under the Freedom of Information Act, after an party submits a request, an agency must

determine within 20 working days after the receipt of any such request whether to comply

with such request. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible Ethics in*

*Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that

response must provide particularized assurance of the scope of potentially responsive

records, including the scope of the records it plans to produce and the scope of documents

that it plans to withhold under any FOIA exemptions. This 20-working-day time limit also

applies to any appeal. § 552(a) (6)(A)(ii).

17) 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the

agency except in two narrow scenarios: The agency may make one request to the requester

for information and toll the 20-day period while it is awaiting such information that it has

reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the

statutory time limit if necessary to clarify with the requester issues regarding fee assessment.

§ 552(a)(6)(A)(ii)(II).  In either case, the agency's receipt of the requester's response to the

agency's request for information or clarification ends the tolling period.

18) In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted:

"[The effect of] the 2007 Amendments was to impose consequences on agencies that do not

act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No.

110-59.  To underscore Congress's belief in the importance of the statutory time limit, the

2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails

to comply with a*ny time limit'* of FOIA." In other words, the amendments were created to

prevent agencies from delaying processing requests only to then impose fees when

compelled to produce responsive records.

19) Defendant CSB, with regard to this request here, waived its ability to assess fees under §

552(a)(4)(A)(viii) by failing to respond to plaintiff within the statutory deadline.  CSB must

therefore waive all fees and produce the requested documents as required by law. Further,

CSB also affirmatively waived any ability to seek fees in its December 7, 2016

acknowledgement letter.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records under FOIA
### Declaratory Judgment

20) Plaintiff re-alleges paragraphs 1-19 as if fully set out herein.

21) Plaintiff is entitled to responsive records subject to legitimate withholdings.

22) Plaintiff has no requirement to further pursue its administrative remedies.

23) Plaintiff asks this Court to enter a judgment declaring that:

   a. The records requested in both the November 7, 2016 request are agency records

   subject to FOIA;

   b. CSB's refusal to provide responsive records is unlawful; and

c. Defendant must reduce responsive records subject to legitimate withholdings and

without assessing plaintiff fees for this production.

## SECOND CLAIM FOR RELIEF
## Duty to Produce Records Under the Freedom of Information Act
## – Injunctive Relief

24)  Plaintiff re-alleges paragraphs 1-23 as if fully set out herein.

25)  Plaintiff is entitled to declaratory relief that defendant has failed to provide responsive

documents and/or injunctive relief compelling defendant to provide plaintiff documents

response to both requests.

26)  Plaintiff asks the Court to enter an injunction ordering the defendant to provide plaintiff

documents responsive to the request within 20 business days of the date of the order.

## THIRD CLAIM FOR RELIEF
## Duty to Produce Without Fees Records Under the Freedom of Information Act –
## Declaratory Judgment

27)  Plaintiff re-alleges paragraphs 1-26 as if fully set out herein.

28)  Defendant failed to provide a substantive response to either request within the deadline(s)

provided by 5 U.S.C.S. § 552(a)(6)(A), therefore it is statutorily barred from assessing fees

by § 552(a)(4)(A)(viii).

29)  Plaintiff is entitled to have its fees waived for requested records.

30)  Plaintiff asks this Court to enter a judgment declaring that:

a. Plaintiff is entitled to a waiver of its fees for correspondence as specifically

described in the November 7, 2016 request.

b. CSB must not assess or seek costs and fees for this request.

**FOURTH CLAIM FOR RELIEF**
**Duty to Produce Without Fees Under the Freedom of Information Act – Injunctive**
**Relief**

31) Plaintiff re-alleges paragraphs 1-30 as if fully set out herein.

32) Plaintiff is entitled to declaratory relief that defendant has waived its right to request fees and/or that defendant must grant plaintiff a fee waiver for this request.

33) Plaintiff asks the Court to enter an injunction ordering the defendant to grant plaintiff a fee waiver, or to agree not to seek fees within 10 business days of the date of the order.

**FIFTH CLAIM FOR RELIEF**
**Costs And Fees – Injunctive Relief**

34)  Plaintiff re-alleges paragraphs 1-33 as if fully set out herein.

35) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

36) Plaintiff is statutorily entitled to recover fees and costs incurred as a result of defendant's refusal to fulfill the FOIA requests at issue in this case.

37) Plaintiff asks the Court to order the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for their attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 5th day of January, 2017.


_____/s/_____
Matthew D. Hardin
Attorney-at-Law
D.D.C. Bar No. VA 87482
314 W Grace St, Suite 304
Richmond VA 23220
(804) 608-6456
MatthewDHardin@gmail.com

Chaim Mandelbaum
D.D.C. Bar No. VA 86199
726 N Nelson St, Suite 9
Arlington, VA 22203
(703) 577-9973
Chaim12@gmail.com
*Counsel for the Plaintiff*